```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-CV-14342-MOORE
                                      (05-CR-14010-MOORE)
                              MAGISTRATE JUDGE P. A. WHITE
```

EMANUEL ROGERS, IV,

    Movant,

v.                                   REPORT OF MAGISTRATE RE
                                           DISMISSAL OF SUCCESSIVE
UNITED STATES OF AMERICA,         MOTION TO VACATE

    Respondent.
_____/

## I. Introduction

The Movant, a federal prisoner, filed this *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 while his application to file a second or successive motion to vacate was pending in the Eleventh Circuit Court of Appeals, case number 16-14365. (Cv-DE#1). On July 27, 2016, the Eleventh Circuit dismissed the Movant's application to file a second or successive motion. (Cr-DE#54); see also In re Rogers, IV, No. 16-14365 (11th Cir. July 27, 2016).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

## II. Procedural History

Rogers was charged by Indictment with possession with intent to distribute five grams of cocaine base, commonly referred to as crack cocaine, in violation of Title 21, United States Code,

Sections 841(a)(1) and 841(b)(1)(B). (Cr-DE#3). Pursuant to a negotiated plea agreement entered into with the government, Rogers changed his earlier entered plea of not guilty to a plea of guilty to the offense charged in the Indictment. (Cr-DE#21, 22, 23, 27). On September 1, 2005, Rogers was adjudicated guilty of the offense and sentenced to a term of imprisonment of 188 months, at the low end of the sentencing guidelines, to be followed by a five-year term of supervised release. (Cr-DE#26). Rogers did not prosecute a direct appeal from his conviction or sentence.

In March 2008, Rogers filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2), based on a then-recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. (Cr-DE#28). After a response from the government, the Court denied Rogers relief in an order entered on April 9, 2008, finding that the amendment was inapplicable to Rogers, a career offender. (Cr-DE#30, 31).

Approximately two and one-half years later, in late-October 2011, Rogers filed a second pro se §3582(c)(2) motion, arguing that an amendment to the Sentencing Guidelines effective November 1, 2011, which lowered the base offense levels applicable to cocaine base ("crack") offenses, entitled him to a reduced sentence. (Cr-DE#32). He additionally filed on the same date a pro se pleading, requesting the Court to consider his post-incarceration conduct and rehabilitation during a resentencing and reduce his sentence accordingly. (Cr-DE#36). The amendment was again found inapplicable to Rogers and his §3582 motion was denied. (Cr-DE#35). The Court also denied Rogers' Motion for Post Conviction Rehabilitation, ruling that there was no statutory authority which would allow the Court to modify the existing sentence in the case. (Cr-DE#36).

Rogers took an appeal from the denial of his second §3582(c) motion, and the appeal was ultimately dismissed by the Eleventh Circuit for want of prosecution when Rogers failed to pay the filing and docketing fees. (Cr-DE#45). See also United States v. Rogers, No. 12-11107-B (11th Cir. Aug. 16, 2012)(dismissed).

Then, on May 7, 2014, Rogers filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, challenging as unlawful his career offender sentence. The Court denied the §2255 motion as both timebarred and on the merits on August 25, 2014. (14-14194;DE#6). The Eleventh Circuit denied a certificate of appealability because the motion was plainly barred by the one-year statute of limitations. (14-14194;DE#13).

In November 2014, Rogers filed yet another pro se motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. (Cr-DE#47). After a response from the government, the Court denied Rogers relief in an order entered on January 22, 2015, finding that the amendment was inapplicable to Rogers, a career offender. (Cr-DE#49, 51).

On June 19, 2016, the Movant filed an application to file a second or successive Section 2255 motion to vacate in the Eleventh Circuit, case number 16-14365, seeking to raise a claim under Johnson v. United States, 135 S.Ct. 2551 (2015). He also filed on June 20, 2016, the instant §2255 motion to vacate requesting the appointment of counsel to assist him in raising a Johnson claim pending the Eleventh Circuit's ruling on his successiveness application. The Eleventh Circuit dismissed his application on July 27, 2016, since he was sentenced as a career offender under Guidelines Section 4B1.1 and therefore Johnson was inapplicable. See In re Rogers, IV, No. 16-14365 (11th Cir. July 27, 2016).

3

III. <u>Discussion</u>

Post-conviction relief is available to a federal prisoner under Section 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C. §2255(a). A federal prisoner who already filed a Section 2255 motion and received review of that motion is required to move the court of appeals for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct sentence. <u>See</u> 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

If a movant files a second or successive habeas petition without first obtaining permission from the appellate court, however, the District Court is without jurisdiction to entertain it. <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003).

4

In the instant case, the Eleventh Circuit has rejected the Movant's application to proceed with this second or successive Section 2255 motion to vacate. Therefore, this Court lacks jurisdiction to consider the motion and it should be dismissed.[1]

### IV. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)(citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the undersigned finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. See 28 U.S.C. § 2253(c)(2).

### V. Conclusion

It is therefore recommended that Movant's Section 2255 motion to vacate be dismissed as successive, all pending motions be denied as moot, no certificate of appealability issue, and the case be closed.

---

[1] The undersigned is not recommending a stay in this case because the Movant's career offender sentence was based on at least two controlled substance crimes (see PSI ¶¶25,40,42,43) and, therefore, it does not appear he will be affected by the United States Supreme Court's upcoming decision in Beckles v. United States, 2016 WL 1029080 (2016) (certiorari granted on June 27, 2016, to determine whether Johnson applies to the sentencing guidelines' career offender provision).

5

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 11th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Emanuel Rogers, IV
75178-004
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521
PRO SE

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov